**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| RJP CONSULTING GROUP, LLC | : | |
| 211 Welsh Pool Road, Suite 200 | | |
| Exton, PA 19341 | : | |
| Plaintiff, | | |
| v. | : | CIVIL ACTION NO. 2:23-CV-01330 |
| | | |
| HCA-CW, LLC | : | |
| 9001 Highland Woods Blvd. Suite 1 | | |
| Bonita Springs, FL 34135 | : | |
| and | | |
| STUART DOUGLAS MILLS | : | |
| 9001 Highland Woods Blvd. Suite 1 | | |
| Bonita Springs, FL 34135 | : | |
| and | | |
| HEARTLAND ENTERPRISES I, LLC | : | |
| 550 West B Street, 4th Floor | | |
| San Diego, CA 92101 | : | |
| and | | |
| MARK ELLENBOGEN | : | |
| 550 West B Street, 4th Floor | | |
| San Diego, CA 92101 | : | |
| and | | |
| CLIF ERWIN | : | |
| 550 West B Street, 4th Floor | | |
| San Diego, CA 92101 | : | |
| and | | |
| MATT FISTONICH | : | |
| 550 West B Street, 4th Floor | | |
| San Diego, CA 92101 | : | |
| and | | |
| RICK GENDERSON | : | |
| 550 West B Street, 4th Floor | | |
| San Diego, CA 92101 | : | |
| and | | |
| INTEGRITY COMMUNITY | : | |
| PARTNERS, LLC | | |
| 550 West B Street, 4th Floor | : | |
| San Diego, CA 92101 | | |
| Defendants. | : | |

<u>**AMENDED COMPLAINT**</u>

**I.    <u>PRELIMINARY STATEMENT</u>**

On March 6, 2023, Plaintiffs filed a Complaint against the above listed Defendants in the Chester County Court of Common Pleas.  On April 25, 2023, Defendants filed a Notice of Removal to the Eastern District of Pennsylvania, based on diversity jurisdiction.  On May 4, 2023, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure Rules 12(b)(2), (3) and (6). Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs may amend their Complaint within 21 days of a motion being filed pursuant to Federal Rule of Civil Procedure 12(b).  Plaintiffs filed the Amended Complaint in response to the Defendants' motion, rendering the motion to dismiss moot.

**II.    <u>AMENDED COMPLAINT</u>**

1.    Plaintiff, RJP CONSULTING GROUP, LLC ("<u>RJP</u>") is a Pennsylvania limited liability company which maintained offices at 211 Welsh Pool Road, Suite 200Exton, Chester County, PA at all times relevant hereto  RJP provides commercial construction management services.  Robert J. Peppelman is the principal of RJP.

2.    Defendant, HCA-CW, LLC ("<u>HCA-CW</u>") is a Delaware domestic limited liability company with an address of 9001 Highland Woods Blvd., Suite 1, Bonita Springs, FL 34135, whose owner and managing member is Stuart Mills.

3.    Defendant, Stuart D. Mills is an adult individual with a business address at 9001 Highland Woods Blvd., Suite 1, Bonita Springs, FL 34135.

4.    Defendant, Heartland Enterprises I, LLC ("Heartland") is a Delaware limited liability company with a business address of 550 West B Street, 4th Floor, San Diego, CA 92101.

5.     Defendant, Mark Ellenbogen is an adult individual with an address of 550 West B Street, 4th Floor, San Diego, CA 92101.

6.     Defendant, Clif Erwin is an adult individual with an address of 550 West B Street, 4th Floor, San Diego, CA 92101.

7.     Defendant, Matt Fistonich is an adult individual with an address of 550 West B Street, 4th Floor, San Diego, CA 92101.

8.     Defendant, Rick Genderson is an adult individual with an address of 550 West B Street, 4th Floor, San Diego, CA 92101.

9.     Defendant, Integrity Community Partners, LLC ("Integrity") is, upon information and belief, a Delaware limited liability company with an address of 550 West B Street, 4th Floor, San Diego, CA 92101.

10.    Defendant Stuart Mills was an owner of Heartland Enterprises I, LLC a developer of senior care living facilities which developed individual properties through sole purpose entities (SPE) such as Defendant HCA-CW created for each location of proposed facilities.  Heartland (through SPEs and affiliated entities) has developed senior care facility projects in various states, including New Jersey, Pennsylvania, Florida and Arizona.

11.    Plaintiff obtained a Judgment against HCA-CW LLC in the amount of $273,639.00, entered in the Court of Common Pleas of Philadelphia at No. 00441, November Term 2020, on September 27, 2022.  A true and correct copy of the Judgment ("Judgment") is attached hereto as **Exhibit "A"** and incorporated herein by reference.

12.    The Judgment arose from HCA-CW's default upon a Note executed by Mills (on behalf of HCA-CW) in 2019 to secure HCA-CW's payment obligations upon outstanding invoices

from RJP to HCA-CW (and other SPEs) for services provided in connection with various Heartland Projects.

13.     This action arises from the conduct of Stuart Mills, HCA-CW, Heartland Enterprises I, LLC in transferring HCA-CW's and Heartland's assets to the remaining Defendants in order to defeat Plaintiff's rights as creditor,  Mills' and HCA's breach of contract, fraudulent transfer of HCA assets to successors and assignees of HCA, Mills' personal liability for corporate debt due to undercapitalization and use of corporate assets to further his personal interests, and Defendants' unjust enrichment.

## JURISDICTION AND VENUE

14.     RJP Consulting has it principal place of business in Chester County, Pennsylvania, and many of the transactions and occurrences, including communications and statements were made to RJP in Chester County.  HCA-CW and Heartland had maintained bank accounts in the Commonwealth of Pennsylvania during the time periods referenced below.

15.     Defendants purposefully availed themselves to the laws of Pennsylvania, by entering into a settlement agreement in November of 2020, after RJP had filed a public civil lawsuit in Pennsylvania against Mills to collect a debt owed by Mills to RJP.

16.     Defendants agreed and in fact did transfer assets (including valuable work product and services produced by RJP in connection with various Heartland Projects)  for the sole purpose to defeat the Plaintiff's rights as a creditor, at a time when Defendants knew that RJP had been engaged by Mills/Heartland and was owed considerable sums for outstanding work requested by Mills/Heartland at RJP's  business located in Chester County, Pennsylvania.

17.     Defendants agreement to the settlement agreement, which was designed to the defeat the rights of RJP as a creditor, was done in response to the active litigation in Pennsylvania, which if successful would have conveyed a judgment to RJP to be enforced in Pennsylvania.

18.     All Defendants are therefore subject to personal jurisdiction in the United States District Court for the Eastern District of Pennsylvania by virtue of their actions to defeat the rights of RJP as a creditor.

19.     The Eastern District of Pennsylvania has Subject Matter Jurisdiction over this lawsuit, as there is diversity among the Plaintiff and all Defendants and the amount in controversy is in excess of $75,000.00.

20.     The Eastern District of Pennsylvania is the proper venue of this litigation as the principal place of business for RJP Consulting is located within Chester County, Pennsylvania.

## **BACKGROUND**

21.     On or about 2017 Defendant Mills was the owner of Heartland Communities, a developer of senior care living facilities which developed individual properties through sole purpose entities ("SPE"), for each location.

22.      Defendant HCA-CW was a sole purpose entity created by Mills and Heartland to develop a property in Cottonwood, AZ.  For several years ending in 2018, RJP provided consulting services at the request of Mr. Mills to various Heartland Projects at different locations throughout the country, and invoices for services were generated to each SPE.

23.     In approximately 2018, RJP ceased providing services to HCA-CW, and other SPEs of Heartland, due to non-payment of bills which had accumulated in excess of $362,000.00.

24.     In deposition testimony given in 2021, Stuart Mills conceded that in early 2018 RJP was owed at least $337,000.00 for unpaid invoices for work on Heartland Projects.

25.     The outstanding Indebtedness that the Heartland SPEs owed to RJP as of February 2018 totaled $362,139.75, as summarized in the list attached hereto as **Exhibit "B".**

26.     In an effort to settle the outstanding invoices of RJP and secure payment, on or about October 1, 2019, Mills, as managing member of HCA-CW, executed and delivered to RJP, a certain promissory note ("Note") in which instrument HCA-CW agreed to pay RJP the amount of $250,000.00 conditioned upon various terms, including an initial smaller payment (which, if paid, would have reduced the total balance due under the Note).  A true and correct copy of the Note is incorporated herein by reference and attached hereto as **Exhibit "C".**

27.     The Note represented a compromise in order to secure payment through anticipated funding of Heartland's then-active SPEs.

28.     HCA-CW subsequently paid nothing on the Note, and an action to collect upon the Note was commenced in the Philadelphia Court of Common Pleas seeking judgment in the amount of $273,639.00, which is the "Revised Principal Amount" specified in the Note, upon default.

29.     Following the deposition testimony of Mr. Mills, and a settlement conference, Judgment in the amount of $273,639.00 was entered against HCA-CW LLC due to its admitted default upon the Note.  *See* Exh. A.

30.     According to the Note HCA-CW, repayment in full of the Indebtedness was triggered by the first occurrence of any of the following:

> (a)     Closing of a construction loan by HCA-WT, LLC or any affiliated entities for a project identified as 147 Johnson Road, Washington Township, New Jersey;

> (b)     Closing of the construction loan by HCA-CW, LLC or any affiliated entities for a project identified as 700 N. Bill Gray Road, Arizona;

> (c)     Closing of a construction loan by HCA-ST, LLC, or any affiliated entities for a project identified as 710 West Laurel Road, Stratford, New Jersey.

31.     Mr. Mills testified at deposition in October of 2021 that he sold the assets and/or his interests in the HCW-CW, HCA-ST and HCA-WT entities, and had no control or ownership interest in them whatsoever.  Thus, he has no ability to secure a construction loan or other financing for any of those entities, as contemplated in the Note. A copy of the Mills Deposition is attached hereto as **Exhibit "D."**

32.     Through deposition testimony of Mr. Mills in October of 2021 and documents later produced, Plaintiff learned that due to certain disputes which arose among Mills and other members of Heartland Enterprises, a Settlement Agreement was entered into among the members of Heartland Enterprises in late 2020, providing for the resolution of certain disputes and assignment of various assets.  A true and correct copy of the Settlement Agreement, dated November 18, 2020 is attached hereto as **Exhibit "E"** and incorporate herein by reference.

33.     Mr. Mills testified that the settlement agreement amongst Mills and the members of Heartland Enterprises included a  Note between Plaintiff and HCA-CW which was negotiated by Co-Defendant Mark Ellenbogen.  Exh. D, 30:14-22.  Mr. Mills also testified that Ellenbogen and his company, Integrity, would know if any payments were made on the Note. *Id.* at 32:20-33:5.

34.     Mr. Mills further testified about efforts made to secure payment to the Plaintiffs involving the other listed Defendants:

| | |
|---|---|
| MR. DALTON: | Let me back it up even further. When you said we are trying it [sic] get you your money, who is the we? Who does that pronoun refer to? |
| MR. MILLS: | All of the folks that Bob [Peppelman of the Plaintiff] hired or we – all of the folks that hired Bob, led by me as a managing partner.  And they are not folks./  All of the entities that hired Bob to do work, led by me and others, are trying to get this resolved and have been. |
| MR. DALTON: | And what have you done in that regard? Tell me. |

| MR. MILLS: | I have reached out to the folks that own and operate the Cottonwood project and asked them to get this resolved. |
| | |

…

| MR. DALTON: | Is there anything else besides what you said? |
| MR. MILLS: | Anything else that I tried to do? |
| MR. DALTON: | Yes. |
| MR. MILLS: | Anything else. No. I've reached out to the folks that I believe owe the money and I have asked them to resolve it. That's my answer. |
| MR. DALTON: Identify them. | And who are the folks that you believe owe the money? |
| MR. MILLS: | The partners in the Cottonwood project. |
| MR. DALTON: | What are their names? |
| MR. MILLS: | I don't have that information.  It's a series of entities led by Mark Ellenbogen. |
| MR. DALTON: | Why is it you believe that series of entities led by Mark Ellenbogen are the ones who owe the money; that is the RJP note money? |
| MR. MILLS: | I believe there are agreements between my companies and their companies to assume the liability for these Peppelman payables. |

…

| MR. MILLS: | Listen, I'm trying to be helpful here.  I don't know the names of the agreements.  The lawyers in California and our lawyer in Washington D.C. created all of the agreements.  And we had a settlement in November of last year, almost a year ago, where five projects that we were working on together, I took two of those projects, and they took three of those projects. |
| | And Cottonwood – the Cottonwood project, which owed Mr. – my understanding is owed Mr. Peppelman the note that you have shown as October of 2019 was assumed by – was – the note, the payable to – let's call him Bob.  That liability was assumed by the folks that own that project. |
| MR. DALTON: | Owned Cottonwood? |
| MR. MILLS: | That owned Cottonwood. |

Exh. D, 41:15 - 45:6.  At this point of the deposition, Mr. Mills was showed the copy of the

Settlement Agreement and Exh. E, where he confirmed that was the agreement he referenced in

the above listed deposition testimony. Exh. D, 45:8-47:6.  Mr. Mills was then questioned

specifically about Exh. E:

| MR. DALTON: | I think you told me that there was a settlement about a year ago. I understood you to say that as part of that settlement, they, that is the other parties, undertook the obligation to pay RJP. Did I get that wrong or is that what you said? |
| MR. MILLS: | I believe that's the truth, yes. |
| MR. DALTON: | All right. And who was it that undertook the obligation, as you recall it, to pay RJP? |
| MR. MILLS: | The folks—parties to this agreement that is at the top of this draft settlement agreement. |
| MR. DALTON: | All right. That would be Ellenbogen, Erwin, Fistonich and Genderson. Correct? |
| MR. MILLS: | Yes. |

Exh. D, 48:4-19.

35.     In the Settlement Agreement, Defendants Mills, Ellenbogen, Erwin, Fistonich, and Genderson (all members of Heartland Enterprises), undertook the assignment of various assets and agreements for payment of monies regarding the Heartland projects, including HCA-CW's projects.

36.     The Settlement Agreement provided that upon Mills' transfer of various assets, the sum of $300,000.00, and other consideration was to be transferred to Defendant Genderson (for ultimate payment to Mills). *See* Exh. E; Exh. D, 58:3-59:17.

37.     According to Mills' deposition testimony, upon transfer of the assets of the HCA-CW and other affiliated entities to the Enterprise Parties (Defendants Ellenbogen, Erwin, Fistonich and Genderson), HCA-CW was left without any property or accounts sufficient to satisfy its Note obligation to RJP. *See* Exh. D.

38.     Mills did not receive the $300,000.00 consideration for his transfer of HCA-CW's assets, according to his testimony, because of a separate dispute he had with Defendant Genderson (one of his fellow members in Heartland) and the $300,000.00 was therefore retained by Genderson due to this unrelated debt. *See id.* at 59:14-60:3.

39.     Thus, Mills utilized the $300,00.00 (which was payable to HCA-CW) to discharge his unrelated personal obligation to Defendant Gendersen, depriving HCA-CW of assets needed to satisfy its obligations. *See id.* at 60:21-24.

40.     As a result of the foregoing transactions HCA-CW currently has no assets, is dormant and will never pursue a construction loan.

41.     Among the assets that HCA-CW transferred pursuant to the Settlement Agreement was a 99 year lease upon certain property in Cottonwood, Arizona upon which HCA-CW had proposed to construct a senior care facility.  The HCA-CW project could never go forward under HCA-CW, once the real estate lease was transferred.

42.     The Cottonwood lease was assigned by Mills to Defendant Integrity Community Partners on November 18, 2020, pursuant to the Assignment and Assumption of Membership Interests (attached hereto as **Exhibit "F"**)

43.     Mills' transfer of the assets of HCA-CW (and the lease in Cottonwood, in particular) rendered it impossible for HCA-CW to ever secure a mortgage loan for that project, as contemplated by the Note.

44.     Through the November 2020 Settlement Agreement Mills failed to adequately fund HCA-CW to meets its known financial obligations, and moreover, transferred and assigned its assets and property without consideration, rendering HCA-CW insolvent.

45.     In utilizing the proposed proceeds and consideration from the HCA-CW transfer, (i.e. the $300,000.00 payment), for an unrelated personal debt with Defendant Genderson, Defendant Stuart Mills utilized the proceeds of sale of a corporate asset for his own personal purposes, warranting piercing of the corporate liability shield and imposition of personal liability upon Mills.

46.     The Settlement Agreement dated November 18, 2020 makes clear that HCA-CW's liability for the amounts due RJP Consulting Group was <u>not</u> being transferred or assigned to the Enterprise Parties (i.e. buyers under the November 18, 2020 Settlement Agreement).  See Exh. E.

47.     The Settlement Agreement, and Assignment and Assumption of Membership Interests of HCA-CW specifically state that Mr. Mills *personally* undertook the RJP obligation and indemnified the Enterprise Parties and their assignees (purchasers of HCA-CW's assets) for all amounts owed to RJP by the SPE's project entities:

> 6.(c)   Mills agrees and warrants that any and all debts and funds owed to RJP Consulting Group, LLC ("RJP") or any RJP affiliate by any of the project entities at Cottonwood, AZ, Washington Township, NJ, Rutland, VT, Springfield, VT and Stratford, NJ will be the responsibility of Mills. Mills will indemnify the Company and Enterprise Parties and any affiliates of the Company and Enterprises Parties from any funds owed to RJP.

See Exhibit "D".

48.     HCA-CW remains liable for the amounts due RJP under the Note and other earlier obligations for other SPEs of Heartland, however HCA-CW is admittedly a shell, with no assets.

49.     Mr. Mills' personal undertaking of the debt and indemnification establish his personal liability for the Note Indebtedness and for the underlying debts of Heartland's various SPEs to which RJP provided services, as set forth in Exhibit "C", in the total amount of $362,139.75.

50.     The October 2021 deposition of Mills was the first time Plaintiffs discovered the details of the agreements between the Defendants that gave rise to the instant cause of action.

## COUNT I

### RJP v. STUART D. MILLS AND HEARTLAND ENTERPRISES, LLC
### WRITTEN INDEMNIFICATION BY MILLS/HEARTLAND FOR ALL DEBTS AND
### FUNDS OWED TO RJP

51.     Plaintiff incorporates herein by reference the preceding paragraphs as though set forth at length herein.

52.     Pursuant to paragraph 6(c) of the Settlement Agreement Stuart Mills undertook personal liability and indemnification for the RJP obligations of the SPEs, on the various projects on which RJP rendered services including the debts payable to HCA-CW as reflected in the Note.

53.     Stuart Mills is liable for the HCA-CW Judgment in the amount of $273,639.00, pursuant to the terms of the Settlement Agreement, and circumstances set forth above

54.     Stuart Mills is in breach of his Agreement to assume personal liability and indemnify the RJP debt, including the Judgment.

55.     Stuart Mills is liable for any award entered in favor of Plaintiff, upon Count II – Unjust Enrichment, based upon his written indemnification in Paragraph 6(c) of the Settlement Agreement.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and against Defendants Stuart D.  Mills and Heartland in the amount of $273,639.00, together with costs.

## COUNT II

### RJP v. STUART D. MILLS, HCA-CW AND HEARTLAND ENTERPRISES I, LLC –
### FRAUDULENT TRANSFER

56.     Plaintiff incorporates herein by reference the preceding paragraphs as though set forth at length herein.

57.     The transfer by Mills and HCA-CW of the assets of HCA-CW, including the lease upon the Cottonwood, Arizona property was not in exchange for reasonably equivalent consideration, HA-CW's remaining assets following such transfer were insufficient to meet its outstanding business obligations and undertakings of HCA-CW at the time of the transfer, in violation of the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa.C.S. §5104, *et seq.*

58.     The transfer of HCA-CW's assets, including the Cottonwood, Arizona lease, was made with the intent to hinder or defraud RJP, a creditor at the time of such transfer, in violation of the Uniform Fraudulent Transfer Act.

59.     The transfer of the Cottonwood, Arizona property made it impossible for HCA-CW to perform its obligations, including the obligation undertaken under the Note.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and against Defendants Stuart D. Mills, HCA-CW LLC and Heartland Enterprises I, LLC, in the amount of $273,639.00, or the reasonably equivalent in value of the long term lease wrongfully and fraudulently transferred by Defendants.

## COUNT III

## RJP vs. STUART D. MILLS, HCA-CW LLC, HEARTLAND ENTERPRISES I, LLC, MARK ELLENBOGEN, CLIF ERWIN, MATT FISTONICH, RICH GENDERSEN AND INTEGRITY COMMUNITY PARTNERS, LLC – UNJUST ENRICHMENT

60.     Plaintiff incorporates herein by reference the preceding paragraphs as though set forth at length herein.

61.      The consulting services and work product of RJP provided to Heartland's projects and SPEs, including HCA-CW, are a valuable asset which was transferred to Defendants pursuant to the terms of the Settlement Agreement, and Defendants thereby received the benefit of Plaintiff's services, for which Plaintiff RJP has never been paid or compensated.

62.     Defendant Integrity Community Partners is an assignee of the Enterprise Parties' rights under the Settlement Agreement, and, pursuant to the Assignment and Assumption of Membership Interests.

63.     Defendants have appreciated the benefit of RJP's consulting services which were provided to HCA and other SPEs, by accepting and enjoying ownership of RJP's valuable work product in the absence of payment therefore.

64.     It would be inequitable for Defendants to retain the benefits of the RJP work product and services which enhance the value of the assets of HCA-CW and other SPEs obtained pursuant to the Settlement Agreement.

65.     Defendants have thus been unjustly enriched, by their receipt of Plaintiff's valuable consulting services and work product, and it would be inequitable for Defendants to retain such property and assets in the absence of payment therefore.

66.     The reasonable value of the consulting services and work produce rendered to HCA-CW and the other SPEs, which Defendants have received, is valued at least $362,139.75.

67.     Stuart Mills is liable for any award entered in favor of Plaintiff, upon Count III – Unjust Enrichment, based upon his written indemnification in Paragraph 6(c) of the Settlement Agreement

## III.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and against Defendants in the amount of $362,139.75, with interest from on or about November 18, 2020, together with attorney's fees and costs, and such other relief as this Court deems appropriate.

Respectfully submitted:

UNRUH, TURNER, BURKE & FREES

Date:  May 25, 2023          By:

        James C. Dalton, Esquire
        Attorney for Plaintiff, RJP Consulting, LLC
        P.O. Box 515
        West Chester, PA 19381-0515
        610-692-1371
        Attorney I.D. No. 45150
        Email:  jdalton@utbf.com